## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE FRY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 10−cv−0323−MJR−SCW |
| | ) |
| DR. JILL WAHL, and C. FENTON, | ) |
| | ) |
|        Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Bruce Fry ("Fry") brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. Sykes filed an Amended Complaint on June 9, 2010, against a total of three named Defendants, alleging deliberate indifference to his medical needs arising from ongoing issues with lower abdominal pain (Doc. 1). On November 15, 2010, upon completing his initial screening of this case pursuant to 28 U.S.C. § 1915A, District Judge Michael J. Reagan allowed Fry's deliberate indifference claim to proceed against all of the Defendants (Doc. 12). Judge Reagan's November 12, 2010 Order also referred this matter to United States Magistrate Judge Philip M. Frazier pursuant to 28 U.S.C. §§636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Southern District of Illinois Local Rule 72.1(a). This case then was reassigned to the undersigned on January 4, 2011 (Doc. 18).

Now before the Court is a Motion to Dismiss filed by Defendant Dr. Jill Wahl ("Dr. Wahl") (Doc. 35) and a corresponding memorandum (Doc. 36) in which she argues that Fry has failed to exhaust his administrative remedies, as applied to her, because she was not named in any of his prison grievances. After Fry failed to respond to Dr. Wahl's motion, this Court entered a Show

Cause Order (Doc. 44). Fry then filed a two-page response on May 18, 2011, in which he generally asserts that he did, in fact, exhaust his administrative remedies and thus, the motion should be denied (Doc. 46). Based on the record, including the grievance that Fry attached to his Amended Complaint (Doc. 7, pp. 9, 15-17), and the fully briefed motion; and for the reasons outlined below, it is **RECOMMENDED** that the District Court **GRANT** Dr. Wahl's motion.

42 U.S.C.A. §1997e(a) bars prisoner suits under §1983 or other federal laws until the prisoner has first exhausted all available administrative remedies. This requirement is to be raised as an affirmative defense by a defendant. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910 (U.S. 2007). The boundaries of proper exhaustion are the prison's requirements. *Id.* at 218. Proper use of the prison grievance system requires a prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The grievance procedures in Illinois include a multi-step process starting with the prisoner's counselor or a written grievance, a ruling by the Chief Administrative Officer (normally, the Warden), and an appeal to the Director of the Department of Corrections. 20 Ill. A.D.C. 504.810 *et sequitur*.

Illinois regulations require that each grievance "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." 20 Il. A.D.C. 504.810(b). The Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. Only when officials have been afforded this opportunity has the prisoner properly exhausted all available remedies. *See, e.g., Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006); Dole, 438 F.3d at 809.

The judge, as opposed to a jury, is to be the trier of fact on questions of whether a prisoner plaintiff has exhausted his administrative remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). *Pavey* requires that where there is a factual dispute (not merely a legal question) regarding exhaustion, the district judge is to conduct a hearing on exhaustion and allow any discovery on this issue he deems appropriate. *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D. Ill. 2009). If there are no disputed facts regarding exhaustion, however, then there is no reason to conduct an evidentiary hearing. *Id.*

Here, there is no factual dispute as it relates to exhaustion. Attached to Fry's Amended Complaint is an Offender Grievance dated 11-10-09; apparently, the only grievance at issue in this action (*see* Doc. 7, p. 16). The only person named in this grievance is Doctor Obadina.[1] Fry makes no mention of Dr. Wahl, nor does he attempt to describe her in any way. As such, Fry has failed to exhaust his administrative remedies against Dr. Wahl, and this omission was his fault. Accordingly, pursuant to *Pavey v. Conley*, the Court hereby **RECOMMENDS** that Dr. Jill Wahl's Motion to Dismiss, based on Fry's failure to exhaust his administrative remedies, be **GRANTED.**[2] *See Pavey*, 544 F.3d at 742 (If the failure to exhaust was the prisoner's fault … "the case is over.").

---

[1] On June 28, 2011, Judge Reagan dismissed Defendant Dr. Obadina from this action without prejudice pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(m) for Plaintiff Bruce Fry's failure to serve Dr. Obadina or provide the Clerk of Court with additional information regarding his whereabouts (Doc. 52). On July 8, 2011, Fry requested more time to locate Dr. Obadina, and he argues that the Marshal should be appointed to serve him (Doc. 53). Judge Reagan however already found that, due to Dr. Obadina's retirement to an unknown location in Africa, such a request of the Marshal would be unreasonable as it would likely require extraordinary efforts (*see* Doc. 43).

[2] The *Pavey* Court rejected as unpersuasive the Ninth Circuit Court of Appeals' approach of raising the affirmative defense of failing to exhaust remedies as an "unenumerated Rule 12(b) motion." 544 F.3d 739, 741 (7th Cir. 2008). As a result, this Court typically handles the issue of exhaustion on a motion for summary judgment as opposed to a motion to dismiss. However, here—based on a document that Fry attached to his Amended Complaint—it is eminently clear that Fry failed to exhaust his administrative remedies as to all of the Defendants except for the former Defendant Dr. Obadina. Accordingly, in the interest of judicial economy, the Court recommends that the motion should be granted. However, the Court reminds Defense Counsel that the burden of proving the affirmative defense of failure to exhaust lies with Defendant. And because sustaining this burden will typically require defendants to put forth evidence, ordinarily, a motion under Fed. R. Civ. P. 12(b) based on a failure to exhaust will *not* be well taken.

In *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2005), the Seventh Circuit Court of Appeals stated that "all dismissals under [Section] 1997e(a) should be without prejudice." *See also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005). Accordingly, the Court **FURTHER RECOMMENDS** that Plaintiff Bruce Fry's claims against Defendant Dr. Jill Wahl should be **DISMISSED without prejudice**. Finally, in light of the foregoing, all of the other pending motions in this action—including the Motion for Extension of Time (Doc. 53) and the Motion for Preliminary Injunction (Doc. 54) filed by Fry on July 8, 2011—should be found **MOOT**.[3] If District Judge Reagan adopts this Report and Recommendation in its entirety, then only Fry's claim of deliberate indifference to his serious medical needs against Defendant C. Fenton will remain in this action.[4]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within fourteen (14) days of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). **Accordingly, Objections to this Report and Recommendation must be filed on or before Monday, August 1, 2011.**

**IT IS SO ORDERED**.

DATED: July 15, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[3] Fry has filed a number of superfluous motions. For example, his Motion to Consolidate Cases (Doc. 51) is unnecessary because there *is* only one case, and there never has been a second case. Also, in his Motion for Preliminary Injunction (Doc. 54) Fry requests relief for new allegations against medical staff who are not even a party to this action. If warranted, these new allegations should be filed as a separate lawsuit.

[4] Clerk's Entry of Default has been entered against Defendant C. Fenton who executed a waiver of service on February 23, 2011, but has failed to appear in this action (*see* Docs. 25, 49). Until the status of this Defendant is resolved, the case will not be closed and Final Judgment cannot be entered.