IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE FRY,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  10–cv–0323–MJR–SCW |
| | ) |
| **CRISEY FENTON,** | ) |
| | ) |
|         **Defendant.** | ) |
| | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

**I.  Introduction**

Plaintiff Bruce Fry ("Fry") filed suit pursuant to 42 U.S.C. § 1983 against Crisey Fenton ("Fenton") and two other named Defendants.  In his June 2010 Amended Complaint, Fry claimed the Defendants, who worked as medical personnel at Illinois' Pinckneyville Correctional Center, violated his Eighth Amendment rights via deliberate indifference to his serious medical needs.  The other Pinckneyville employees were dismissed without prejudice.  Fenton is the sole remaining Defendant.

The Court received Fenton's executed waiver of service on March 1, 2011.  Fenton — who retired from the Illinois Department of Corrections in April 2010 — indicates she was unaware that retirees do not receive automatic legal representation by the Office of the Illinois Attorney General.  Though her answer was due April 18, 2011, Fenton made no responsive pleading.  On May 18, 2011, the Court issued a Notice of Impending Dismissal, granting Fry 21 days to move for entry of default against Fenton.  Fry moved for an entry of default on May 27, 2011; the Clerk entered default the same day (Doc. 49).  Fenton requested and received legal representation from the Office of the Illinois Attorney General.  Now before the Court is Fenton's Motion to Vacate Entry of Default (Doc. 61).

## II.  Analysis

The Court may set aside an entry of default for good cause. **FEDERAL RULE OF CIVIL PROCEDURE 55.** A party seeking to set aside an entry of default must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, **559 F.3d 625, 630–31 (7th Cir. 2009).** The Seventh Circuit has a well-established policy disfavoring default judgment — a trial on the merits is preferred. *Id.* **at 631;** *Yong-Qian Sun v. Bd. of Trs. of the Univ. of Ill.*, **473 F.3d 799, 811 (7th Cir. 2007).**

Here, Fenton has shown good cause for the default. She had retired from the Department of Corrections by the time Fry filed suit, but she believed the Department of Corrections and Illinois Attorney General would automatically provide her representation. When she discovered otherwise, she took quick corrective action, filing her Motion to Vacate Entry of Default and her answer. And Fenton presents several meritorious defenses: she denies being deliberately indifferent to Fry's serious medical needs, she invokes the affirmative defense of qualified immunity, and she will argue Fry's claim is barred by his failure to exhaust administrative remedies. The three-part test is satisfied.

Fenton has shown good cause for the Court to set aside the entry of default. In light of her showing and the Seventh Circuit's preference for adjudicating a claim on its merits, Defendant Fenton's Motion to Vacate Entry of Default (Doc. 61) is GRANTED. The Clerk's entry of default (Doc. 49) is VACATED. A trial schedule will be set by separate notice.

**IT IS SO ORDERED.**

Dated: October 27, 2011.

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
**United States Magistrate Judge**