# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE FRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10−cv−0323−MJR−SCW ) |
| CRISEY FENTON, | ) ) ) |
| Defendant. | ) |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Crisey Fenton is the last remaining Defendant in this § 1983 case, which stems from *pro se* Plaintiff Bruce Fry's allegations of deliberate indifference to his lower abdominal pain. In her instant motion for summary judgment (Doc. 66), Fenton asks for summary judgment because Fry failed to exhaust his administrative remedies.

The undersigned judge respectfully submits this Report and Recommendation to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 66) be **GRANTED**, and that Fry's case be **DISMISSED** without prejudice.

## BACKGROUND

Alleging that three defendants violated his *Eighth Amendment* rights, Fry filed suit pursuant to 42 U.S.C. § 1983. In his June 2010 Amended Complaint (where Fenton was named for the first time), Fry claimed the defendants — all medical personnel at Pinckneyville Correctional Center — were deliberately indifferent to medical needs arising from ongoing issues with lower abdominal pain. (Doc. 7). In November 2011, District Judge Reagan screened the case pursuant to 28 U.S.C. § 1915A, and Fry's deliberate indifference claims proceeded against all three defendants (Doc. 12).

The case was referred to United States Magistrate Judge Philip M. Frazier (Doc. 12), then reassigned to the undersigned judge on January 4, 2011 (Doc. 18).

In June 2011, pursuant to Federal Rule of Civil Procedure 4(m), one defendant was dismissed without prejudice for Fry's failure to serve him. (Doc. 52). In August 2011, a second defendant was dismissed without prejudice for Fry's failure to exhaust administrative remedies (Doc. 56). Crisey Fenton — the last remaining defendant — has now moved for summary judgment because, she claims, Fry failed to exhaust his administrative remedies as they relate to his claims against her. The instant motion ripened on December 22, 2011, when Fry filed a three-page response (Doc. 68). Fry provided no supplements to his response, so the only administrative grievance in the record remains the one he attached to his complaint (Doc. 7, 16–17). Fenton filed a reply on January 3, 2012. (Doc. 70).

Having thoroughly reviewed the briefs and the entire record, the undersigned judge **RECOMMENDS** the following.

## ANALYSIS

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted.*" **42 U.S.C. § 1997e(a)** (emphasis added). "The contours of the exhaustion requirement are set by the prison grievance system in each state." ***Jones v. Bock*, 549 U.S. 199, 218 (2007).** When there are factual disputes regarding exhaustion, the Court holds an evidentiary hearing and may allow limited discovery. ***Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).** But

when — as here — purely legal issues control the administrative remedies issue, no such hearing is needed. **Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).**

An inmate must take all the steps required by the prison or jail's grievance system in order to properly exhaust his administrative remedies. **Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004); Pozo v. McCaughtry, 286 F.3d 1022, 1023–24 (7th Cir. 2002).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. **Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).** Only when officials have been afforded this opportunity has the prisoner properly exhausted all available remedies. **Id.** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. **Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)**.

As an inmate confined within the Illinois Department of Corrections, Fry was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code § 504.800 et seq.** The grievance procedures first require inmates to speak with the counselor about their complaint. **20 Ill. Admin. Code § 504.810(a)**. Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. **Id**. The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code § 504.810(a)(b).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer . . ., [who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code**

§ 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code § 504.850(a)**. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code § 504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code § 504.850(f)**.

Here, in his response to Fenton's motion for summary judgment, Fry does not provide any evidence that he ever filed a grievance against Defendant Fenton (indeed, his argument seems to be a rehash of the issues underlying his § 1983 claim; he hardly mentions exhaustion). The only grievance in the record appears to be Fry's grievance from 12/10/09, in which he names only one person: Dr. Obadina, a previously-dismissed defendant. (Doc. 7, 6). Fry makes no mention of Defendant Fenton, nor does he attempt to describe her in any way. Nor is Fry helped by his unsupported assertion that a grievance was "in process" when he added Fenton to his complaint (Doc. 68, 2). Grievances must be exhausted *before* federal litigation commences. **Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004).** Fry has therefore failed to exhaust his administrative remedies against Fenton, and the fault is his. Furthermore, it is now too late for Mr. Fry to go back and satisfy the PLRA's exhaustion requirement.

CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant Crisey Fenton's Motion for Summary Judgment be **GRANTED**, and that Plaintiff Bruce Fry's claim against Crisey Fenton be **DISMISSED** with prejudice.  ***See Pavey*, 544 F.3d at 742 (when the failure to exhaust is the prisoner's fault, "the case is over.").**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within fourteen days of being served with a copy.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).  <u>Accordingly, Objections to this Report and Recommendation must be filed on or before Friday, May 5, 2012</u>.**

**IT IS SO RECOMMENDED.**
**DATE: <u>April 17, 2012</u>**                                        **/s/ *Stephen C. Williams*
                                                                    STEPHEN C. WILLIAMS**
                                                                    United States Magistrate Judge