IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRUCE FRY,                          )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )        Case No. 10-CV-0323-MJR
                                    )
CRISEY FENTON,                      )
                                    )
        Defendant.                  )


MEMORANDUM AND ORDER


REAGAN, District Judge:

        On April 22, 2010, Bruce Fry sent a letter to the Central District

of Illinois, which was construed as a complaint brought pursuant to 42

U.S.C. § 1983, against John Doe Defendants.  The action was transferred to

the Southern District of Illinois, where the Court dismissed it without

prejudice for failure to meet federal pleading standards.  The Court gave Fry

leave to file an amended complaint within 30 days, and, on June 9, 2010,

Fry timely filed his amended complaint (Doc. 7).  On threshold review, the

Court determined that the action should proceed against the named

Defendants - Dr. Obadina, Jill Wahl and Crisey Fenton - because Fry had

stated a claim for deliberate indifference to serious medical needs,

specifically lower abdominal pain, in violation of the Eighth Amendment.

        The Court dismissed Dr. Obadina without prejudice on June 28,

2011, because Fry failed to timely identify or serve Dr. Obadina as required

by the Court's May 11, 2011 Order.  On August 5, 2011, after Fry filed no objection to Magistrate Judge Williams' Report and Recommendation, the Court adopted the Report and granted Wahl's motion to dismiss without prejudice for failure to exhaust administrative remedies.  So, the sole remaining Defendant in this action is Fenton.

On April 17, 2012, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, regarding Fenton's motion for summary judgment (Doc. 78).  The Report finds that Fry failed to exhaust his administrative remedies as to his claims against Fenton, as required by the Prison Litigation Reform Act ("PLRA"), **42 U.S.C. § 1997e(a)**.  The Report also finds that Fry's unsupported assertion that a grievance was "in process" when he added Fenton to his complaint failed because grievances must be exhausted before commencing federal litigation.  Lastly, the Report found that it was now too late for Fry to go back and satisfy the PLRA's exhaustion requirement.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the Report.  To date, neither party has filed objections.  The period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review.  ***Thomas v. Arn***, **474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 78) in its entirety, **GRANTS** Defendant Fenton's motion for summary judgment (Doc. 66) and **DISMISSES** this action as to Fenton with prejudice. ***See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (when the failure to exhaust is the prisoner's fault, "the case is over.").** Since Fenton was the sole remaining Defendant, this case is closed.

IT IS SO ORDERED.

DATED this 9th day of May, 2012


s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge